## BROWN & O'BRYAN *v.* JAMES M. BALLARD.

[Abstract Kentucky Law Reporter, Vol. 1—411.]

**Sheriff's Sale and Execution.**

When a sheriff collects money on an execution on the defendant's property, he has no right to appropriate a part of the money to the payment of taxes due by the defendant, leaving plaintiff's debt unsatisfied. No levy had been made by him for such taxes; besides, it appears that the defendant had other property sufficient to satisfy the taxes.

### APPEAL FROM MARION COURT OF COMMON PLEAS.

November 20, 1880.

OPINION BY JUDGE PRYOR:

The rule in the case should have been made absolute and the sheriff required to pay the money over to the appellant. He had levied appellant's execution on the defendant's property and exacted from him a bond of indemnity. On the day of sale he appropriates a part of the proceeds to the payment of the taxes due by the defendant leaving the appellants' debt unsatisfied. He does not even show any authority to collect the taxes, and certainly no levy had been made by him. Besides, appellee's own statement makes it appear that the defendant had other property amply sufficient to satisfy the taxes, and yet he required a bond of indemnity and then appropriated the money to taxes due a former sheriff. He should have made the taxes, if he had any such authority, out of the other property.

Judgment *reversed* and cause remanded for further proceedings.

*Russell & Arritt, S. A. Russell, for appellants.*

*Rountree & Lisle, for appellee.*